[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Factual Findings
On or about October 11, 2001, the plaintiff was making a pizza delivery to the defendants. A dog owned and kept by the defendants bit the plaintiff on the buttocks while he stood at the doorway to the defendants' home. The plaintiff was not committing a trespass or other tort, nor was he teasing, tormenting, or abusing the dog at the time. The defendants had obtained the dog approximately three days previously from an animal rescue facility and it had not exhibited aggressive behavior prior to this incident. It did have a current rabies shot.
When he was bitten the plaintiff felt a stinging sensation and, as he was driving back to the pizza business, felt blood where he was bitten.
The following day he went to a walk-in clinic where the wound was cleaned and an antibiotic prescribed. Stitches were not required nor did he have to undergo rabies shots. By his testimony he had pain or discomfort for four or five days, especially when sitting. A photograph taken the following day shows a bruised area near the bite marks. Photographs taken nine months to one year later show two small scars on his buttocks, which while they were shown to be permanent in nature cause little if any embarrassment to the plaintiff since they are, as he stated, not likely to be seen except in his very private life.
The Court concludes that the insignificance of the disfigurement (although permanent) together with the de-minimus effect on the plaintiff, require only a modest compensation. Also, while the plaintiff testified he tenses up when near an unfamiliar dog, that would appear to be a normal, not an abnormal or unusual concern.
The plaintiff did not introduce evidence of economic loss (medial bills or lost wages), but had some pain and discomfort for four or five days. CT Page 3177
The defendants essentially concede liability but the parties could not agree on reasonable damages.
The Court concludes that fair and just damages to compensate the plaintiff for his injury, pain and suffering would be $1200.
Accordingly, judgment shall enter for the plaintiff in the amount of $1200 for non-economic damages, plus costs.
Klaczak, JTR CT Page 3178